UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR BOVIO,                   Case No. 06-15213

       Petitioner,

                                               Honorable Avern Cohn
v.                                              United States District Judge

U.S. PAROLE COMMISSION,        Honorable R. Steven Whalen
                                               United States Magistrate Judge

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the Court are Petitioner Arthur Bovio's Petition for Writ of Habeas Corpus [Docket #1], filed under to 28 U.S.C. § 2241, and Petitioner's Motions for Summary Judgment [Docket #10 and #11], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  For the reasons set forth below, I recommend that the Petition and the Motions for Summary Judgment be DENIED.

### I.    FACTS[2]

Petitioner is serving a federal prison sentence for offenses committed subsequent to

---

[1] The Court has also reviewed and considered Petitioner's supplemental pleading, filed on January 15, 2008 [Docket #12].

[2] The historical facts are substantiated by exhibits attached to Respondent's response, referenced herein as Exhibits 1 through 19.

-1-

the offenses for which he had been on parole. However, he challenges a parole violation detainer that was placed with the Bureau of Prisons (BOP). The parole violation relates to an earlier offense. The sequence of events leading to this Petition are as follows.

On February 2, 1992, Petitioner was sentenced in the Northern District of Illinois to a term of 96 months for the crime of forgery. He was paroled on October 27, 1995. On September 27, 1999, a parole violation warrant was issued. Petitioner was taken into custody, and on March 16, 2000, his parole was revoked. He was ordered to serve 12 months (with credit for the 5 months already in custody), and was re-paroled on October 19, 2000. The Commission ordered that he remain on parole supervision until the expiration of his sentence on October 27, 2001.

Subsequent to Petitioner's re-release, the Commission learned that he had been indicted on new charges in the Northern District of Illinois, based on conduct alleged to have occurred between 1996 and 1999, while he was originally on parole. Accordingly, on October 29, 2000, the Commission issued a new violation warrant, to be held in abeyance. Further, since the information about the new charges was unknown to the Commission when it granted re-parole on October 19, 2000, it re-opened the case. On December 5, 2000, the Commission sent Petitioner a Notice of Action (NOA) informing him that a warrant had been issued and held in abeyance pending the new charges. The NOA stated:

> "[T]he Parole Commission has been advised that you have been indicted in the U.S. District Court for the Northern District of Illinois for new criminal conduct which occurred during your previous period of parole. If convicted,

the Parole Commission may order that the abeyance warrant be executed upon the completion of your new federal term." (Exhibit 12).

On February 16, 2001, Petitioner pled guilty to one count of mail fraud. He was on bond pending sentencing. However, he absconded, and was not apprehended until April 20, 2004. On July 27, 2004, he was sentenced to 60 months (Exhibit 13, 14). On February 28, 2006, the previous abeyance warrant was supplemented to include this information (Exhibit 14). Also on that date, the warrant was changed from "abeyance," and placed as a detainer with the BOP, with the Commission to "assume custody when released" (Exhibit 15).

On May 12, 2006, Petitioner was sentenced in yet another case in the Northern District of Illinois to 30 months imprisonment for bank fraud. The first 21 months were ordered to be served concurrently with the 60-month sentence for mail fraud, and the remaining 9 months were ordered to run consecutive (Exhibit 16).

On December 21, 2006, the Commission notified the Petitioner of its intent to conduct a dispositional review to determine whether the warrant would remain as a detainer (Exhibit 17). The following day, December 22, 2006, Petitioner filed his petition in this Court. In his supplemental pleading, Petitioner states that he was informed by his former attorney that a dispositional review of the detainer was conducted in June of 2007, but that he received neither prior notice of the review nor notification of the results. The Respondent has provided the Court with no information as to whether a dispositional review occurred.

## II. DISCUSSION

The Petitioner challenges the Parole Commission's decision to lodge the November 29, 2000 parole violation warrant as a detainer in 2006, while he was (and still is) serving separate federal sentences, and also contests the delay in providing him with a timely dispositional review of the warrant. In addition to arguing that the Commission has lost jurisdiction, Petitioner also claims that the outstanding parole violation detainer has precluded him from early release/halfway house placement that is otherwise available to inmates who, like him, have successfully completed a drug rehabilitation program.

Based on federal statutes and the Commission's regulations, as well as case law from the Supreme Court, the Petitioner's claim for habeas corpus relief under 28 U.S.C. §2241 is without merit.

In *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), the petitioner, like Petitioner Bovio, was serving a sentence for federal crimes committed while he was on parole. The commission of those crimes was the basis for a parole violation warrant, which, as here, was lodged as a detainer. The Supreme Court held that the petitioner was not constitutionally entitled to a disposition of the parole violation charges before the expiration of his current sentence. The Court reasoned that the petitioner suffered no loss of liberty as a result of the unexecuted warrant, since his present incarceration was the result of a separate, unexpired sentence:

> "Petitioner's present confinement and consequent liberty loss derive not in any sense from the outstanding parole violator warrant, but from his two 1971 homicide convictions. Issuance of the warrant and notice of that fact to

the institution of confinement did no more than express the Board's intent to defer consideration of parole revocation to a later time." *Id.*, 429 U.S. at 86.

The *Moody* Court also noted that under the parole statutes (now 18 U.S.C. §4210(b)(2)), the Commission has the discretion to determine whether a parole violation sentence will run concurrent, consecutive, or partially consecutive with the new sentence, and in fact can choose not to revoke parole and grant unconditional release. As was the case in *Moody*, Petitioner Bovio is subject to consecutive sentences at the end of his current term, but might also be the beneficiary of a retroactively concurrent sentence.[3] In other words, as the Respondent points out, Petitioner suffers no prejudice from the delay in lodging the warrant as a detainer.[4] *See Northington v. U.S. Parole Commission*, 587 F.2d 2, 3 (6th Cir. 1978).

Petitioner also argues that his Parole Officer, Kimberly Masini, terminated his parole on June 4, 2001, and therefore the Commission is without jurisdiction. The record does not support this claim. In fact, the Commission issued a parole violation warrant on October 29, 2000, to be held in abeyance pending resolution of the current criminal

---

[3] In his supplemental pleading [Docket #12], Petitioner argues that "the Parole Commission violated his due process right by extending his term of parole without a parole hearing or a court order. By merely filing a detainer the Parole Commission continued Petitioner's sentence without defined authority." *Moody* clearly rejects that analysis.

[4] Nor does delay prejudice the Petitioner's ability to factually contest the parole violation charges, because he has no such right. Commission of a crime while on parole is a *per se* violation, and Petitioner's conviction terminates his right to factually relitigate the charges in a violation hearing. *See Morrissey v. Brewer*, 408 U.S. 471, 490, 92 S.Ct. 2593, 33 L.ed.2d 484 (1972). The only issue for the Commission is disposition.

charges. On December 5, 2000, the Commission reopened the parole case.[5] The Petitioner's Exhibits AA and D do not establish that parole was terminated. Exhibit AA is a 1994 sentence computation showing that the full-term expiration date of parole (prior to the warrant) was October 27, 2001. Exhibit D is a letter from the Commission to P.O. Masina, informing her that an warrant had been issued, to be held in abeyance, and that her active supervision of the Petitioner was to continue until the full term date, or, "[i]n the case of a mandatory releasee, active supervision should terminate at the full term date less 180 days." (The latter date being April 30, 2001). However, termination of active supervision is not termination of parole, and on December 5, 2000, well before either the full-term date or the 180-day date, the Commission reopened the case based on the warrant and the pending criminal charges. Under 28 C.F.R. §2.44(d), Petitioner's discharge was not possible, and the Commission retained jurisdiction:

> "(d) The issuance of a warrant under this section operates to bar the expiration of the parolee's sentence. Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture of time pursuant to § 2.52(c)."

Petitioner also claims prejudice based on his allegation that the parole detainer precludes him from an early release program for inmates who complete a drug rehabilitation program. However, both the Supreme Court and the Sixth Circuit have held

---

[5] Under 28 C.F.R. §2.28(f), the Commission may reopen a case when it becomes aware of "new and significant adverse information." Such information would include new charges based on conduct occurring during the term of parole.

that the mere fact that a detainer adversely affects an inmate's qualification for prison programs is insufficient to support habeas relief. *See Moody v. Daggett, supra*, 429 U.S. at 88; *Kenner v. Martin*, 648 F.2d 1080, 1081 (6th Cir. 1981).

Petitioner claims that the pendency of the parole detainer, without resolution, violates the Interstate Agreement on Detainers (IAD), 18 U.S.C. App. 2, art III(a). However, the IAD does not apply to detainers based on alleged parole violations. *See Carchman v. Nash*, 473 U.S. 716, 728, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985).

Finally, Petitioner argues in his Motions for Summary Judgment that the Respondent's failure to conduct a dispositional review within 180 days of the detainer being placed with the BOP deprived him of due process, and therefore entitles him to habeas relief.

The relevant statute, 18 U.S.C. §4214(b)(1), states:

**"(b)(1)** Conviction for any criminal offense committed subsequent to release on parole shall constitute probable cause for purposes of subsection (a) of this section. In cases in which a parolee has been convicted of such an offense and is serving a new sentence in an institution, a parole revocation warrant or summons issued pursuant to section 4213 may be placed against him as a detainer. *Such detainer shall be reviewed by the Commission within one hundred and eighty days of notification to the Commission of placement. The parolee shall receive notice of the pending review, have an opportunity to submit a written application containing information relative to the disposition of the detainer, and, unless waived, shall have counsel as provided in subsection (a)(2)(B) of this section to assist him in the preparation of such application.*" (Emphasis added).

The Commission concedes that it did not conduct a dispositional review within 180 days of the date it received notification from the BOP that the detainer had been placed, as

required by 18 U.S.C. § 4214(b)(1). However, the Supreme Court in *Moody v. Daggett*, *supra*, clearly held that an inmate is not constitutionally entitled to a disposition of parole violation charges before the expiration of a subsequent, post-violation sentence. Similarly, there can be no constitutional right to a pre-expiration dispositional review of a detainer. The Commission's delay in conducting a dispositional review of the detainer cannot therefore be the basis of habeas relief.

Furthermore, as the Respondent acknowledges, the remedy for failure to comply with §4214(b)(1), absent prejudice or bad faith (and there is no showing of either in Petitioner's case) would lie not in habeas corpus, but in a writ of mandamus to compel the dispositional review. *See Poyner v. U.S. Parole Commission*, 878 F.2d 275, 276 (9th Cir. 1989); *Heath v. U.S. Parole Commission*, 788 F.2d 85, 89 (2nd Cir. 1986). Mandamus relief, pursuant to 28 U.S.C. §1361, is available when the defendant owes the plaintiff a clear, nondiscretionary duty. *Midwest Family Clinic, Inc. v. Shalala*, 998 F.Supp. 763, 769, fn. 19 (E.D. Mich. 1998), citing *Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). *See also In re: First Fed. Sav. & Loan Ass'n,* 860 F.2d 135, 138 (4th Cir.1988) (mandamus relief available when the petitioner has a clear right to the relief sought).

In his supplemental pleading [Docket #12], Petitioner states that a dispositional review took place on June 8, 2007, but that the Commission has not directly informed him of the results. He indicates that his former attorney was told that the Commission would "let the detainer stand" and "wait until his release date of December 20, 2008 to conduct a

hearing."[6] The Respondent Commission has not informed the Court of the status of any dispositional review.

As discussed above, Petitioner has no constitutional right to a dispositional review or revocation hearing prior to the expiration of his current sentence. When that sentence is completed, the Commission has the authority and discretion to order any part of the parole violation sentence partially or wholly concurrent or consecutive to the current sentence. However, the Commission is required to follow statutory procedures in conducting the dispositional review of the detainer, including notice to the Petitioner, who has the right to the assistance of counsel and to submit his own written application.

Therefore, if, in fact, the dispositional review was conducted without the statutorily required notice, then Petitioner is entitled to a writ of mandamus under 28 U.S.C. §1361, because the Respondent owes the Petitioner a clear, nondiscretionary statutory duty. If this is the case, although I recommend denying a writ of habeas corpus, I nevertheless recommend that the Court issue a writ of mandamus directing the Commission to initiate and conduct a review, in full compliance with 18 U.S.C. §4214(b)(1), within 45 days.

### III.  CONCLUSION

---

[6] A dispositional review on a detainer is different from a parole revocation hearing. "[A] parole revocation hearing actually decides whether parole will be revoked, while a dispositional review only determines whether a detainer will remain lodged with state authorities, or will be withdrawn." *Poyner*, 878 F.2d at 276. Under §4214(b)(2), the dispositional review of a detainer does not have to be conducted in person with the inmate. In any event, it would appear that the hearing proposed for December 20, 2008 is the revocation hearing.

I recommend that the Petition for Writ of Habeas Corpus [Docket #1] be DENIED, and that the Petitioner's Motions for Summary Judgment [Docket #10 and #11] be DENIED. I further recommend that if the Respondent has not conducted a dispositional review of the parole detainer, in full compliance with 18 U.S.C. §4214(b)(1), it be ordered to do so within 45 days.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                 s/R. Steven Whalen
                                 UNITED STATES MAGISTRATE JUDGE

Dated: February 26, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 26, 2008.

                                 s/Susan Jefferson
                                 Case Manager